J. Frank Corry, appellee, v. Waldron Seed Company, appellant.

Filed January 19, 1921. No. 21226.

1. **Sales: Seeds: Acceptance.** Where an executory contract to grow and deliver seed provides that it shall have a certain percentage of germinating vitality, the buyer has the right to test the seed

Corry v. Waldron Seed Co.

within a reasonable time after delivery as a condition to acceptance, and acceptance will not be presumed from the mere fact that seed was delivered to and received into the possession of the buyer, if such test be practicable, customary or contemplated by the parties.

2. ——: ——: TESTING: PLEADING AND PROOF. If, in the case of an executory contract to deliver seed of a certain germinating vitality, the contract is silent as to whether a test to determine its vitality is practicable, customary or contemplated, those facts become the subject of pleading and proof, and the court will not assume them or take judicial notice thereof.

3. ——: ——: ——: DEFENSE. Where a contract to deliver seed of a certain germinating vitality is silent as to whether a test to determine its vitality was practicable within a reasonable time after delivery, or was customary or contemplated, it is sufficient for the seller, who has delivered seed thereunder to the buyer. in his petition in an action for the price, to set forth the contract and allege delivery pursuant thereto. If such test was practicable, customary or contemplated, and the buyer desires to avail himself thereof, it is, in such case, matter of affirmative defense.

4. ——: ——: ——: ——. In such case, an answer which consists only of an admission of the receipt of the seed and an allegation that it was inferior in germinating vitality to the contract requirement, but fails to affirmatively plead that such test was practicable, customary or contemplated, does not state a defense.

APPEAL from the district court for Douglas county: LEE S. ESTELLE, JUDGE. *Affirmed.*

*Byron G. Burbank,* for appellant.

*Alvin F. Johnson, contra.*

DORSEY, C.

The plaintiff, J. Frank Corry, a seed grower and dealer, brought this action against the defendant, Waldron Seed Company, to recover the contract price of 1,098 pounds of muskmelon seed grown by the plaintiff for the defendant and delivered to the latter pursuant to its written order for such seed, which provided that the seed should "show a germinating vitality of 85 per cent." The plaintiff accepted the order a few days later by letter, and in

due time grew and delivered to the defendant the quantity of seed sued for, which the defendant received into its possession.

The plaintiff set up the written order and the acceptance thereof in his petition, and alleged that, "in pursuance of said contract and at the special instance and request of said defendant, plaintiff did grow for said defendant, and did, on or about the 2d day of November, 1912, deliver to said defendant" the quantity of seed sued for, praying for the recovery of the price at the stipulated rate of $22\frac{1}{2}$ cents a pound. The defendant, in its answer, admitted receiving the quantity of seed alleged in the petition under the order set forth therein, denied every other allegation of the petition, and averred that the seed in question did not possess a germinating vitality of 85 per cent. The latter averment was denied in plaintiff's reply.

At the trial the plaintiff proved that he shipped and delivered to the defendant 1,098 pounds of the particular variety of muskmelon seed called for by the contract, but made no effort to prove that it had the prescribed percentage of vitality. The trial court took the view that the burden upon the plaintiff was satisfied by proof of delivery and receipt of the quantity of seed sued for, and that the answer failed to state facts sufficient to constitute a defense. The court accordingly refused to permit the defendant to introduce any evidence as to the result of tests which it had made after the shipment of seed was received, tending to prove that its vitality was inferior to the contract requirement, and directed a verdict for the plaintiff. From the judgment thereon the defendant appeals.

In order to determine whether the court was in error in thus summarily disposing of the case, it becomes necessary to determine the precise attitude of the parties with reference to the contract of sale at the time the seed was delivered to and received by the defendant. It was an executory contract to grow and deliver to the defendant a quantity of a certain variety of seed of a certain germinat-

Corry v. Waldron Seed Co.

ing vitality. Thus there was an express condition incorporated into the executory contract, which related to a quality or attribute which the seed must possess, namely, that it should have a certain germinating vitality. That was a fact which could not be ascertained by ordinary inspection at the time of delivery, and could be ascertained only, if at all, by a test which would require some time thereafter to apply. The question, then, is whether it was the intention of the parties, to be gathered from the contract and from the nature of the commodity with which it dealt, that the delivery should be subject to such test, or whether, on the contrary, the delivery was intended to be absolute, consummating the sale and vesting title in the purchaser, subject to the defendant's remedy for breach of an express warranty of quality, if upon later test or use the seed should prove deficient in germinating vitality.

The plaintiff having contracted to deliver seed of a specified germinating vitality, we think a fair construction of the contract demanded that he deliver seed corresponding to that description, and that he should not be held to have discharged his primary obligation under the contract unless he did deliver such seed, if there was any practicable method by which the seed could be tested and its vitality determined at the time of delivery or within a reasonable time thereafter. If such a test was practicable, the delivery should be held to be conditional only, and the contract to remain executory, until the defendant had been afforded a fair opportunity to make it. In such case, the mere fact that certain seed had been delivered to and received by the defendant under the contract would not be equivalent to acceptance, in the sense that the stipulation of the contract with reference to the vitality of the seed would thereby cease to be a condition precedent and be transformed into a warranty or condition subsequent.

Was it practicable to determine the vitality of the seed by a test within a reasonable time after delivery? The contract says nothing about such test, and there is nothing

in its language from which it can be inferred either that such a test was practicable or that it was within the contemplation of the parties. Whether it was practicable or a custom of the trade (the plaintiff being a grower and the defendant a wholesaler of seeds) was, therefore, a matter of pleading and proof extraneous to the contract. We have reason to believe, from evidence offered by the defendant, that it was both practicable and customary, but the question is whether evidence to that effect was admissible under the pleadings; the court would not be warranted in taking judicial notice of those facts. Assuming that if a test of the seed for germinating vitality, within a reasonable time after delivery, was practicable and customary, the delivery of the seed by the plaintiff and its receipt by the defendant were subject to that test, and did not constitute acceptance until a fair opportunity to make the test had been afforded, the fact remains that the contract neither expressly nor impliedly provided for such test and contains nothing from which we can infer that it was either practicable or a custom of the trade.

If the contract had affirmatively provided for such test, or if it were possible to infer from its provisions that it was practicable, customary or within the contemplation of the parties that the seed be tested within a reasonable time after delivery, then we should say that the burden would rest upon the plaintiff, in his petition and evidence in chief, to show affirmatively, not only, that he delivered the seed pursuant to the contract, but that there was an unqualified and absolute acceptance of it, or that the defendant, by retaining it without objection for defect of quality for an unreasonable time after delivery, had waived the right to reject it on that ground. But where, as in the instant case, there is an executory contract of sale which provides that the subject thereof shall possess some attribute or quality not ascertainable by ordinary inspection, and contains nothing to warrant the inference that it could be ascertained by practicable test within a reasonable time after delivery, or that such test was customary or contem-

plated, it is sufficient for the seller, in his petition in an action for the price, to set up the contract and allege delivery pursuant thereto. If such test be, in fact, practicable, customary or contemplated, it becomes matter of defense.

Having determined that the plaintiff's pleading and proof were *prima facie* sufficient under the circumstances of this case, we shall next inquire whether the trial court was right in holding that the defendant's answer failed to state a defense, and in excluding the defendant's evidence upon that ground. The answer consisted of an admission of the receipt of the seed, a general denial of all other allegations of the petition, and an allegation that the seed did not have a germinating vitality of 85 per cent. As indicated by the preceding discussion, if it was a fact that a test of the seed within a reasonable time after delivery was practicable, customary or contemplated by the parties as a condition precedent to acceptance, it went directly to the issue raised by the plaintiff's allegation of delivery and, if properly pleaded, would have put the fact of acceptance in issue. It was possible for the defendant to have pleaded that such a test was practicable or a custom of the trade, that it had received the seed upon that condition, and that it had within a reasonable time subjected it to test, found it inferior to the contract requirements, and refused to accept it. Thus the defendant might have treated the stipulation as to the germinating vitality of the seed as a condition precedent to the plaintiff's right to recover for the price, but the answer contains no such averments. It did, to be sure, aver that the seed did not have the specified germinating vitality, but, as we have seen, that fact could be put in issue only as dependent upon a test within a reasonable time, which, in turn, was dependent upon whether such a test was practicable or customary, and we are not entitled to assume, as a matter of law, either of those facts.

The answer put in issue neither the fact of acceptance, which it might have done by alleging that it was received

subject to a test which showed good grounds for refusing it, and that it was refused, nor the fact, if the defendant desired to so treat it, that there was a breach of warranty of quality and rescission upon that ground. Whether the stipulation as to the vitality of the seed is viewed as a condition precedent to the obligation of the defendant to accept it or as a warranty or condition subsequent, the answer was insufficient to state a defense, and there was no error in directing a verdict for the plaintiff.

We recommend that the judgment be affirmed.

PER CURIAM. For the reasons stated in the foregoing opinion, the judgment of the district court is affirmed, and this opinion is adopted by and made the opinion of the court.

AFFIRMED.